| | |
|---|---|
| 1 | **EANET, PC** |
| 2 | Matthew L. Eanet (State Bar No. 227490) |
|   | Iris E. Salem (State Bar No. 302132) |
| 3 | 550 S. Hope Street, Suite 750 |
|   | Los Angeles, California 90071 |
| 4 | Telephone: (310) 775-2495 |
| 5 | Facsimile: (310) 593-2589 |
|   | matt@eanetpc.com |
| 6 | iris@eanetpc.com |
| 7 | *Attorneys for Plaintiff, Amer Kuric* |
| 8 | **JACKSON LEWIS P.C.** |
| 9 | Kevin M. Erwin (State Bar No. 170186) |
|   | Semarnpreet Kaur (State Bar No. 328518) |
| 10 | 3390 University Avenue, Suite 110 |
| 11 | Riverside, California 92501 |
|    | Telephone: (951) 848-7940 |
| 12 | Kevin.Erwin@jacksonlewis.com |
| 13 | Semarnpreet.Kaur@jacksonlewis.com |
|    | *Attorneys for Defendants, Maker Learning Network* |
| 14 | *f/k/a iLead Schools Development, Dawn Evenson,* |
| 15 | *Amber Golden, and Jeff Schechtman* |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – CENTRAL DIVISION**

| | |
|---|---|
| AMER KURIC, an individual, | Case No. 2:24-cv-04550-JAK-AGR |
| Plaintiff, | *Assigned:* Hon. Alicia G. Rosenberg, United States Magistrate Judge |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| MAKER LEARNING NETWORK, f/k/a ILEAD SCHOOLS DEVELOPMENT, a California non-profit public benefit corporation; DAWN EVENSON, an individual; AMBER GOLDEN, an individual; JEFF SCHECHTMAN, an individual; and DOES 1 to 100, inclusive, | **NOTE CHANGES MADE BY COURT** |
| Defendants. | |

1

STIPULATED PROTECTIVE ORDER

1. **INTRODUCTION**

    1.1.  <u>Purposes and Limitations.</u> Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

    1.2  <u>Good Cause Statement</u>. This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential,

to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

1.3   Acknowledgement of Procedure for Filing Under Seal. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with discovery ~~non dispositive~~ motions, good cause must be shown to support a filing under seal. See *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a Party seeks to file under seal. The Parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a Party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief

sought shall be narrowly tailored to serve the specific interest to be protected. See *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the Party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**2.     DEFINITIONS**

2.1    Action: this pending federal lawsuit.

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.4    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among

other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.7   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

    2.8   <u>House Counsel</u>: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

    2.9   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

    2.10   <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

    2.11   <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

    2.12   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

    2.13   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

    2.14   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

    2.15   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by a separate agreement or order. This Order does not govern the use of Protected Material at trial.

4. **DURATION**

Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. The Parties will have to file a separate action for enforcement of the agreement once all proceedings in this Action are complete.

1  Once this Action proceeds to trial, information that was designated as
2  CONFIDENTIAL ~~or maintained~~ pursuant to this Protective Order and used or
3  introduced as an exhibit at trial becomes public and will be presumptively available to
4  all members of the public absent a separate court order upon motion in advance of trial
5  and a showing of compelling reasons supported by specific factual findings to proceed
6  otherwise ~~are made to the trial judge in advance of the trial~~. See *Kamakana v. City and
7  County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), [distinguishing "good cause"
8  showing for sealing documents produced in discovery from "compelling reasons"
9  standard when merits-related documents are part of court record.]. Accordingly, for
10 such materials, the terms of this Protective Order do not extend beyond the
11 commencement of the trial.

12 **5.      DESIGNATING PROTECTED MATERIAL**

13       5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.
14 Each Party or Non-Party that designates information or items for protection under this
15 Order must take care to limit any such designation to specific material that qualifies
16 under the appropriate standards. The Designating Party must designate for protection
17 only those parts of material, documents, items, or oral or written communications that
18 qualify – so that other portions of the material, documents, items, or communications
19 for which protection is not warranted are not swept unjustifiably within the ambit of
20 this Order.

21       Mass, indiscriminate, or routinized designations are prohibited. Designations that
22 are shown to be clearly unjustified or that have been made for an improper purpose
23 (e.g., to unnecessarily encumber the case development process or to impose
24 unnecessary expenses and burdens on other Parties) expose the Designating Party to
25 sanctions.

26       If it comes to a Designating Party's attention that information or items that it
27 designated for protection do not qualify for protection, that Designating Party must

promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2  **Manner and Timing of Designations**. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition ~~or in other pretrial or trial proceedings~~, that the Designating Party identify on the record, before the close of the deposition, ~~hearing, or other proceeding,~~ all protected testimony.

(c) for information produced in some form other than documentary and for

any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

    5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

    6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time consistent with the Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to

1   review the designated material, to reconsider the circumstances, and, if no change in
2   designation is offered, to explain the basis for the chosen designation. A Challenging
3   Party may proceed to the next stage of the challenge process only if it has engaged in
4   this meet and confer process first or establishes that the Designating Party is unwilling
5   to participate in the meet and confer process in a timely manner.

6          6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without
7   court intervention, the Designating Party shall <span style="color:red">request a discovery conference with the
8   court and, if the conference does not resolve the dispute,</span> file and serve a motion to retain
9   confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-
10  5, if applicable) within 21 days of the initial notice of challenge or within 14 days <span style="color:red">after
11  the discovery conference,</span> ~~of the Parties agreeing that the meet and confer process will~~
12  ~~not resolve their dispute,~~ whichever is <span style="color:red">later.</span> ~~earlier.~~ Each such motion must be
13  accompanied by a competent declaration affirming that the movant has complied with
14  the meet and confer requirements imposed in the preceding paragraph. Failure by the
15  Designating Party to make such a motion including the required declaration within 21
16  days (or 14 days, if applicable) shall automatically waive the confidentiality designation
17  for each challenged designation. In addition, the Challenging Party may <span style="color:red">request a
18  discovery conference and, if the conference does not resolve the dispute,</span> file a motion
19  challenging a confidentiality designation at any time <span style="color:red">consistent with the Scheduling
20  Order</span> if there is good cause for doing so, including a challenge to the designation of a
21  deposition transcript or any portions thereof. Any motion brought pursuant to this
22  provision must be accompanied by a competent declaration affirming that the movant
23  has complied with the meet and confer requirements imposed by the preceding
24  paragraph.

25         The burden of persuasion in any such challenge proceeding shall be on the
26  Designating Party. Frivolous challenges, and those made for an improper purpose (e.g.,
27  to harass or impose unnecessary expenses and burdens on other Parties) may expose the
28

Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.   ACCESS TO AND USE OF PROTECTED MATERIAL**

   7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

   7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      (a) the Receiving Party's Counsel of Record, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

      (b) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

      (c) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

      (d) Experts (as defined in this Order) of the Receiving Party to whom

1  disclosure is reasonably necessary for this litigation and who have signed the
2  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3      (e) the court and its personnel;

4      (f) court reporters and their staff;

5      (g) professional jury or trial consultants, mock jurors, and Professional
6  Vendors to whom disclosure is reasonably necessary for this litigation and who have
7  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

8      (h) during their depositions, witnesses in the Action, and attorneys for
9  witnesses in the Action to whom disclosure is reasonably necessary and who have
10 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless
11 otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed
12 deposition testimony or exhibits to depositions that reveal Protected Material must be
13 separately bound by the court reporter and may not be disclosed to anyone except as
14 permitted under this Stipulated Protective Order;

15     (i) any mediator or settlement officer, and their supporting personnel,
16 mutually agreed upon by any of the Parties engaged in settlement discussions; and

17     (j) the author or recipient of a document containing the information or a
18 custodian or other person who otherwise possessed or knew the information.

19 **8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**
20 **    IN OTHER LITIGATION.**

21 If a Party is served with a subpoena or a court order issued in other litigation that
22 compels disclosure of any information or items designated in this Action as
23 "CONFIDENTIAL," that Party must:

24     (a) promptly notify in writing the Designating Party. Such notification shall
25 include a copy of the subpoena or court order;

26     (b) promptly notify in writing the Party who caused the subpoena or order to
27 issue in the other litigation that some or all of the material covered by the subpoena or

28

order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

   (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

 If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.**  **<u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.</u>**

 (a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

 (b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

  (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

  (2) promptly provide the Non-Party with a copy of the Stipulated

Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12.   MISCELLANEOUS**

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

**13.   FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy

such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

## 14. **VIOLATION**

Any violation of this Order may be punished by any and all appropriate measures, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: _____          **EANET, PC**

                                       By: _____
                                       Matthew L. Eanet
                                       Iris E. Salem
                                       *Attorneys for Plaintiff, Amer Kuric*

Dated: _____          **JACKSON LEWIS P.C.**

                                       By: _____

|   |   |
|---|---|
| 1 | Kevin M. Erwin |
| 2 | Semarnpreet Kaur |
|   | *Attorneys for Defendants, Maker Learning Network f/k/a iLead Schools Development, Dawn Evenson, Amber Golden, and Jeff Schechtman* |

**IT IS SO ORDERED.**

Dated: October 16, 2024

_____
**Hon. Alicia G. Rosenberg**
**United States Magistrate Judge**

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Amer Kuric vs. Maker Learning Network, et. Al.*, Case No., **2:24-cv-04550-JAK-AGR**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint: _____[print or type full **name**] of _____[print or type full address and **telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and am not a party to the within action. My business address is 550 S. Hope Street, Suite 750, Los Angeles, CA 90071.

On September 20, 2024, I served the foregoing: **STIPULATED PROTECTIVE ORDER** on interested party (s) in this action by sending an electronic mail message attaching this document to the email addresses as follows:

Denise G.S. MacMurray
Kevin M. Erwin
Semarnpreet Kaur
Lauren M. Ornelas
Jackson Lewis P.C.
3390 University Avenue, Suite 110
Riverside, California 92501
Email: kevin.erwin@jacksonlewis.com
Email: Denise.MacMurray@jacksonlewis.com
Email: Semarnpreet.Kaur@jacksonlewis.com
Email: Lauren.Ornelas@jacksonlewis.com
*Attorneys for Defendants: Maker Learning Network, Dawn Evenson, Amber Golden, and Jeff Schechtman*

☒ **BY ELECTRONIC SERVICE:** I caused the documents to be sent to the persons at the electronic notification addresses listed above. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(FEDERAL)** I hereby certify under the penalty of perjury that the foregoing is true and correct.

Executed on September 20, 2024, at Los Angeles, California.

Emely Hernandez

(Type or print name)                                    (Signature)